RENDERED: JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1125-MR

CLARENCE COFIELD                                                     APPELLANT

v.                  APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE JOHN DAVID SIMCOE, JUDGE
ACTION NO. 21-CR-00187

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, MOYNAHAN, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Clarence Cofield, *pro se*, brings this appeal from a July 11, 2025, Order of the Hardin Circuit Court denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion without an evidentiary hearing. We affirm.

The underlying facts of this appeal have been set forth as follows:

On February 6, 2021, Kentucky State Trooper Ethan Whitlock ("Whitlock") observed a minivan traveling north at 97 miles per hour ("mph") in a 70-mph zone on I-65 in Hardin County, Kentucky. Whitlock began following the vehicle as it continued to speed and

observed it crossing the center line multiple times without using a signal. Whitlock did not lose sight of the vehicle during the time he was following it. Just after they entered Bullitt County, Kentucky, Whitlock pulled the vehicle over and identified Cofield as the driver.

When he approached the vehicle, Whitlock smelled marijuana. He also observed a partially smoked marijuana cigarette on the center console of the vehicle. Cofield confirmed the cigarette contained marijuana. On this basis, Whitlock asked Cofield to get out of the vehicle. Cofield complied.

Whitlock asked if Cofield had any weapons on his person. Cofield said he did not. Upon patting him down, Whitlock discovered a handgun in a holster tucked into Cofield's waistband. When asked if there was anything else in the vehicle, Cofield informed Whitlock there was another handgun under the driver's seat. Whitlock retrieved the second firearm and found a bag of marijuana under the seat. He also found loose rounds of ammunition in a ski mask in the vehicle's passenger seat. Whitlock found a second burnt marijuana cigarette in a bottle in the driver's side cupholder. The cigarettes appeared to have been recently smoked. He also uncovered a pill that was later found to contain methamphetamine.

Based on his observations, Whitlock initiated a series of six field sobriety tests. During two of the tests, Cofield showed no signs of impairment. During a third, he showed potential impairment. During the remaining three tests, Cofield showed signs of impairment. Whitlock arrested Cofield.

Cofield was charged with speeding, reckless driving, operating a motor vehicle under the influence of intoxicants ("DUI"), possession of a handgun by a convicted felon, possession of marijuana with a gun enhancement, first-degree possession of a controlled

-2-

substance (methamphetamine) with a gun enhancement, carrying a concealed deadly weapon by a prior deadly-weapon felony offender, possession of drug paraphernalia, and being a first-degree persistent felony offender ("PFO").

. . . .

The jury convicted Cofield of operating a motor vehicle under the influence of intoxicants, possession of marijuana, first-degree possession of a controlled substance (methamphetamine), being a convicted felon in possession of a handgun, and being a first-degree PFO. The jury recommended a sentence of fifteen years' imprisonment for being a PFO to run concurrently with three years' imprisonment for possession of a controlled substance, forty-five days' imprisonment for possession of marijuana, and thirty days' imprisonment for operating a motor vehicle under the influence of intoxicants. The trial court marked a box waiving court costs in the judgment affixing Cofield's sentence. The court also checked the box ordering Cofield pursuant to KRS [Kentucky Revised Statutes] 411.265 and KRS 532.356 to reimburse costs & fees of incarceration in the amount of record with the Hardin County Jailer as of the date of sentencing. . . .

*Cofield v. Commonwealth*, No. 2023-CA-0112-MR, 2024 WL 501691, at *1-2 (Ky. App. Feb. 9, 2024) (footnotes omitted). The circuit court sentenced Cofield consistent with the jury's recommendation for a total of fifteen-years' imprisonment.

Cofield filed a direct appeal of his sentence of imprisonment in the Court of Appeals (*Cofield v. Commonwealth*, No. 2023-CA-0112-MR, 2024 WL 501691 (Ky. App. Feb. 9, 2024)), and the Court of Appeals affirmed in part,

-3-

reversed in part, and remanded. The Court reversed and remanded for a hearing upon the imposition of jail fees but otherwise affirmed the sentence of imprisonment.

Cofield subsequently filed an RCr 11.42 motion to vacate the sentence of imprisonment. Cofield argued that trial counsel and appellate counsel rendered ineffective assistance. The circuit court denied Cofield's motion without an evidentiary hearing. Cofield then filed a Motion to Reconsider under Kentucky Rules of Civil Procedure (CR) 59.09; however, the circuit court denied the motion. This *pro se* appeal follows.

Cofield contends the circuit court erred by denying his RCr 11.42 motion without an evidentiary hearing. In particular, Cofield argues that trial counsel rendered ineffective assistance for failing to challenge the indictment that alleged the offenses occurred in Hardin County and for failing to object to a jury instruction stating that the offenses occurred "in this county," which indicated Hardin County. Cofield's Brief at 6. Cofield asserts that the vehicle was pulled over in Bullitt County, and the offenses occurred in Bullitt County, not in Hardin County. Consequently, Cofield believes that trial counsel should have challenged the indictment and jury instruction as erroneous and improper. Cofield also asserts that appellate counsel clearly rendered ineffective assistance for failing to raise the alleged erroneous jury instruction in the direct appeal.

To prevail upon a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was deficient and that such deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's deficient performance is prejudicial where "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014) (quoting *Strickland*, 466 U.S. at 694); *Jackson v. Commonwealth*, 567 S.W.3d 615, 619 (Ky. App. 2019). An evidentiary hearing is only required when there is "'a material issue of fact that cannot be determined on the face of the record.'" *Wilson v. Commonwealth*, 975 S.W.2d 901, 904 (Ky. 1998) (quoting RCr 11.42(5)); *see also Jackson*, 567 S.W.3d at 619.

In this case, it is undisputed that Cofield was driving ninety-seven miles per hour and crossing the highway's centerline while in Hardin County. The trooper followed Cofield's vehicle in Hardin County and initiated the actual stop of the vehicle in Bullitt County. In its order, the circuit court cited KRS 452.550, which provides:

> Where an offense is committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the prosecution may be in either county in which any of such acts occurs.

Considering the facts of this case, the circuit court concluded that Cofield could have been tried in either Hardin County or Bullitt County under KRS 452.550. Additionally, even if Cofield should have been tried in Bullitt County, the circuit court decided that Cofield failed to demonstrate that he suffered any actual prejudice. We agree with the circuit court.

The evidence at trial against Cofield was considerable, and his guilt was clearly established. Moreover, Cofield has not demonstrated that a reasonable probability exists the outcome of the trial or of the appeal was affected by the location of the trial or by the jury instruction referring to Hardin County. *See Jackson*, 567 S.W.3d at 619; *Teague*, 428 S.W.3d at 633. As a result, we conclude that neither trial counsel nor appellate counsel rendered ineffective assistance that resulted in demonstrable prejudice to Cofield. *See Jackson*, 567 S.W.3d at 619; *Teague*, 428 S.W.3d at 633. As Cofield's allegations are refuted upon the face of the record, we are of the opinion that the circuit court properly denied Cofield's RCr 11.42 motion without an evidentiary hearing. *See Wilson*, 975 S.W.2d at 904; *Jackson*, 567 S.W.3d at 619.

For the foregoing reasons, the Order of the Hardin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Clarence Cofield, *Pro Se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky